UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS JAMES PATTERSON,  )
                                         Plaintiff,    )       Case No. 1:09-cv-413
                                                     )
v.                                                       )       Honorable Paul L. Maloney

COMMISSIONER OF   )
SOCIAL SECURITY,   )
                                                      )       **REPORT AND RECOMMENDATION**
                                Defendant.    )
_____)

         This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits. Plaintiff filed his applications for benefits on January 26, 2006,[1] alleging a January 18, 2004 onset of disability. (A.R. 78-80, 420-23). Plaintiff's disability insured status expired on December 31, 2006. (A.R. 19). Thus, it was plaintiff's burden on his claim for DIB benefits to submit evidence demonstrating that he was disabled on or before December 31, 2006. *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

---

[1] SSI benefits are not awarded retroactively for months preceding the application for benefits. 20 C.F.R. § 416.335; *see Kelley v. Commissioner*, 566 F.3d 347, 349 n.5 (3d Cir. 2009); *see also Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed. Thus, February 2006 is plaintiff's earliest possible entitlement to SSI benefits.

Plaintiff's claims were denied on initial review. (A.R. 58-61, 424-28). On March 6, 2008, he received a hearing before an administrative law judge (ALJ) at which he was represented by counsel. (A.R. 429-62). On August 28, 2008, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 17-24). On March 10, 2009, the Appeals Council denied review (A.R. 4-6), and the ALJ's decision became the Commissioner's final decision.

On May 6, 2009, plaintiff filed his *pro se* complaint seeking judicial review of the Commissioner's decision denying his claims for DIB and SSI benefits. The three issues raised by plaintiff are as follows:

1. THE DEFENDANT RULED ON [THE BASIS OF] PERSONAL OPINIONS OF [THE] VOCATIONAL EXPERT AND WITHOUT ALL [THE] PHYSICIANS['] REPORT[S] OR USING DICTIONARY OF OCCUPATIONAL [TITLES] CODES[;]

2. THE DEFENDANT RULED UNFAVORABLY ALTHOUGH DOCTOR[S'] REPORTS AND TESTIMONY SUPPORTED PLAINTIFF[']S CLAIM[S; AND]

3. THE DEFENDANT RULED UNFAVORABLY, AFTER GRANTING PLAINTIFF [AN] EXTENSION TO SUBMIT MORE EVIDENCE, WHEN A[C]CESS TO [A] PSYCHIATRIC/PSYCHOLOGICAL REPORT WAS DENIED TO PLAINTIFF AND/OR HIS ATTORNEY, JULIE BARAN].

(Plf. Brief at 6, docket # 10). Upon review, I find that plaintiff's arguments do not provide a basis for disturbing the Commissioner's decision. The Commissioner correctly applied the law and his administrative findings are supported by more than substantial evidence. I recommend that the Commissioner's decision be affirmed.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether

the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the

conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

**Discussion**

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from his alleged onset of disability of January 18, 2004, through December 31, 2006, but not thereafter. (A.R. 19). Plaintiff had not engaged in substantial gainful activity on or after January 18, 2004. (A.R. 19). Plaintiff had the following severe impairments: "coronary artery disease, s/p stents and coronary artery bypass grafting[,] and left carpal tunnel syndrome." (A.R. 19). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 21). The ALJ found that plaintiff retained the following residual functional capacity (RFC):

> He could lift and carry 20 pounds occasionally and 10 pounds frequently; in an 8-hour workday with normal breaks, the claimant could stand and/or walk for a total of about 2 hours, could sit for a total of about 6 hours, and would require a sit/stand option at will. The claimant could occasionally climb, balance, stoop, kneel, crouch and crawl. The claimant's allegations of difficulty feeling could rule out fine dexterity, and he should not be required to do any overhead reaching.

(A.R. 21). The ALJ found that plaintiff's testimony regarding his subjective limitations was not fully credible. (A.R. 21-22). Plaintiff was unable to perform his past relevant work. (A.R. 22). Plaintiff was 45 years old on the date of his alleged onset of disability and 49 years old as of the date of the ALJ's decision. Thus, at all times relevant to his claims for DIB and SSI benefits, plaintiff was classified as a younger individual. (A.R. 22). Plaintiff has a high school education and is able to communicate in English. (A.R. 22). The transferability of jobs skills was not material to a disability determination. (A.R. 22). The ALJ then turned to the testimony of a vocational expert (VE). In

response to a hypothetical question regarding a person of plaintiff's age, and with his RFC, education, and work experience, the VE testified that there were approximately 3,900 jobs in Michigan's lower peninsula that the hypothetical person would be capable of performing. (A.R. 435, 456-60). The ALJ found that this constituted a significant number of jobs.[2] Using Rule 201.21 of the Medical-Vocational Guidelines as a framework, the ALJ held that plaintiff was not disabled. (A.R. 17-24).

### 1.

Plaintiff argues that the ALJ committed reversible error when he found that plaintiff was not disabled on the basis of the VE's opinion, and without the benefits of specific code numbers from the *Dictionary of Occupational Titles* (*DOT*).[3] (Plf. Brief at 6). Vocational Expert Richard Riedl gave expert testimony during plaintiff's hearing. Plaintiff's attorney acknowledged Mr. Riedl's expertise and had no objections to his qualifications. (A.R. 435). There was nothing improper in the ALJ's decision to rely on the VE's testimony. "The function of the VE is to advise the ALJ of jobs found among various categories of employment which the claimant can perform with h[is] limitations. The ALJ may choose to rely on the VE's testimony in complex cases, given the

---

[2]The ALJ's opinion is inaccurate where it states that the number of visual inspector jobs was 1500 (A.R. 23) rather than 800 (A.R. 459), but the difference is not material. The 3,900 jobs identified by the VE easily constitute a significant number of jobs. *See Lee v. Sullivan*, 988 F.2d 789, 794 (7th Cir. 1993) (1,400 is a significant number and collecting cases where as few as 174 positions were found to be a significant number); *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988) (1,350 is a significant number); *see also Martin v. Commissioner*, 170 F. App'x 369, 374 (6th Cir. 2006)(870 jobs constituted a significant number of jobs); *Tidwell v. Barnhart*, 88 F. App'x 82, 85-86 (6th Cir. 2004).

[3]Plaintiff's argument that the ALJ made his decision without the benefit of a medical report or reports generated after the ALJ's decision is addressed in section 3 of this report and recommendation.

VE's ability to tailor h[is] finding to an 'individual's particular residual functional capacity.'" *Beinlich v. Commissioner*, No. 08-4500, 2009 WL 2877930, at * 4 (6th Cir. Sept. 9, 2009) (quoting *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003)). The absence of specific *DOT* code numbers does not undermine the substantial evidence supporting the ALJ's decision. The *DOT* is a reference source available to vocational experts, but it is certainly not the only one. *See Baranich v. Barnhart*, 128 F. App'x 481, 486 n. 3 (6th Cir. 2005); *see also* 20 C.F.R. §§ 404.1560(b)(2), .1566(d), .1567, 416.960(b)(2), .966(d), .967; *accord Cunningham v. Astrue*, No. 08-3848, 2010 WL 22286, at * 9-10 (6th Cir. Jan. 5, 2010). The *DOT* is somewhat limited in that it classifies jobs in terms of skill and exertional (strength) demands. It does not address nonexertional limitations, such as a need for a sit/stand option. *See Baranich*, 128 F. App'x at 485; *see also* 20 C.F.R. §§ 404.1569, .1569a, 416.969, .969a.[4] "[N]either the ALJ nor the VE is required to follow the *DOT*." *Beinlich*, 2009 WL 2877930, at * 4 (citing *Wright*, 321 F.3d at 616). In *Wright v. Massanari*, the Sixth Circuit held that "the ALJ and consulting vocational experts are not bound by the Dictionary in making disability determinations because the Social Security regulations do not obligate them to rely on the Dictionary's classifications." 321 F.3d at 616.

The VE testified that there were approximately 3,900 jobs in Michigan's lower peninsula that a hypothetical person of plaintiff's age with his RFC, education, and work experience would be capable of performing. Further, the VE gave unrebutted testimony that the jobs he had identified did not conflict with the *Dictionary of Occupational Titles*:

> Q      Any conflict with the *Dictionary of Occupational Titles* as far as the other jobs you had cited?

---

[4]The ALJ was not bound to accept hearing testimony of any witness, including the VE. *See Banks v. Massanari*, 258 F.3d 820, 827-28 (8th Cir. 2001).

| | |
|---|---|
| A | No, other than in reference to the discussion about the sit/stand option that the *DOT* simply does not address that variable and numbers are based on my professional opinion and interpretation from 30 years in the vocational rehab[ilitation] arena. |

ALJ: Ms. Baran, any questions for Mr. Riedl?

ATTY: No, Your Honor.[5]

(A.R. 460-61). I find no error.

**2.**

Plaintiff argues that the ALJ should have found that he was disabled because the administrative record contains medical reports and testimony supporting his claims. (Plf. Brief at 6). This argument does not provide a basis for overturning the Commissioner's decision. The statutory scope of this court's review is very narrow. The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. There is a "zone of choice" within which the Commissioner can act without fear of court interference. *Buxton*, 246 F.3d at 772-73; *White v. Commissioner*, 572 F.3d 272, 281-82 (6th Cir. 2009). "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d at 347. "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d at 477. Here, the ALJ gave controlling weight to the opinions of

---

[5]The ALJ had no duty beyond inquiring whether the jobs the VE identified conflicted with the *DOT*. The ALJ provided plaintiff's attorney an opportunity to pose questions to the VE, which she declined. *See Lindsley v. Commissioner*, 560 F.3d 601, 606 (6th Cir. 2009).

plaintiff's treating cardiologist, and adopted his recommended restrictions (A.R. 306-13) as plaintiff's residual functional capacity. The Commissioner's decision finding that plaintiff was not disabled is supported by more than substantial evidence.

**3.**

Plaintiff argues that the ALJ ruled unfavorably "after granting plaintiff an extension to submit more evidence, when access to psychiatric/psychological report was denied to plaintiff." (Plf. Brief at 6). This argument is not a model of clarity, but it appears that plaintiff is objecting to the Appeals Council's March 10, 2009 decision denying his request for review (A.R. 4-6). The scope of the court's review is defined by statute, and does not encompass the Appeals Council's discretionary decision whether to grant review. *See Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001) ("No statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to deny review.").

Plaintiff filed a new application for SSI benefits after the ALJ entered his August 28, 2008 decision. Plaintiff was successful on his subsequent claim, and he began receiving SSI benefits effective December 2008. (A.R. 7-9). The Sixth Circuit recognizes that, "The Commissioner treats later-filed applications as separate claims, which is eminently logical and sensible." *Watson v. Commissioner*, 40 F. App'x 896 (6th Cir. 2002) The administrative record on which plaintiff's later application was decided is not before this court for review. Plaintiff would have been classified as a person closely approaching advanced age on his successful application for SSI benefits because he reached age 50 on September 12, 2008. *See* 20 C.F.R. § 416.963(d). The subsequent award of benefits "is not relevant" to plaintiff's condition during the period from January 18, 2004, through

August 28, 2008. *Presley v. Commissioner*, 23 F. App'x 229, 231 (6th Cir. 2001); *Wyatt v. Secretary of Health & Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992).

Plaintiff alludes to a November 5, 2008 psychological or psychiatric examination which he apparently believes would support his claims for DIB and SSI benefits. (Plf Brief at 4-5; Reply Brief at 2). Plaintiff did not provide the court with a copy of the November 2008 test results. There is no evidence supporting his argument that the Michigan Department of Human Services withheld the November 2008 report from him or his attorney until after the Appeals Council denied review. (Reply Brief at 2). Assuming *arguendo* that plaintiff's or his attorney's receipt of this report was somehow delayed, plaintiff provides no coherent explanation why he did not file a copy of the report with his initial brief or his reply brief. There is nothing before the court suggesting that the medical professionals who conducted plaintiff's November 5, 2008 examination purported to assess plaintiff's medical condition months, or in the case of his claim for DIB benefits, years before this examination occurred. Plaintiff has not shown that the examination in November 2008 shed any light on his condition years earlier. Thus, he has failed to show materiality of this evidence.

## Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated: February 3, 2010      /s/ Joseph G. Scoville
                              United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).